UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CATHERINE WHITNEY,

    Plaintiff,

v.

DOCTORS SPA AT DUVAL SQUARE INC., a Florida corporation, and
ADRIENNE CURRAN, M.D., individually,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, CATHERINE WHITNEY (hereinafter as "Plaintiff"), by and through the undersigned counsel, hereby brings this action against Defendants, DOCTORS SPA AT DUVAL SQUARE INC. ("DOCTORS SPA"), and ADREIENNE CURRAN, M.D. ("DR. CURRAN") individually (collectively as "Defendants"), for violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (FLSA) and under the Florida Whistleblower Act §448.102, Florida Statutes (FWA).

## JURISDICTION

1. This action arises under the FLSA and FWA. The Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the unlawful practices alleged herein took place in Monroe County, Florida, and the Defendant

is a Florida corporation who transacts business in Monroe County, Florida, and the transaction that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, CATHERINE WHITNEY, is an individual residing in the County of Monroe County, State of Florida. Plaintiff became employed and hired by Defendants in approximately September 2018 and worked for Defendants as an "Office Manager", until approximately September 21, 2022.

4. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

5. The Defendant, DOCTORS SPA, is a Florida corporation formed and existing under the laws of the State of Florida and at all times during Plaintiff's employment, Defendant DOCTORS SPA was an employer as defined by 29 U.S.C. §203(d).

6. Plaintiff was an employee of Defendants and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

7. Throughout Plaintiff's employment with Defendant, Defendant DOCTORS SPA, was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

8. At all times material, Defendants employed employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant DOCTORS SPA having annual gross volume of sales or business done of not less than $500,000 within the meaning of Sections 203(r) and (s) of the FLSA.

9. At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

10. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, are in the possession and custody of Defendants.

11. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provision were made by the Defendants to properly pay Plaintiff for overtime hours worked.

12. During the course of her employment, Plaintiff observed a wide range of illegal acts being committed by Defendant DR. CURRAN.

13. The illegal acts being committed by Defendant DR. CURRAN that Plaintiff witnessed include, but are not limited to:

    a. committing Payroll Protection Program (PPP) fraud on the United States government by knowingly providing and certifying to false information on two (2) PPP applications.

    b. committing fraud on First State Bank of the Florida Keys by knowingly providing and certifying to false information on two (2) PPP loan forgiveness applications.

    c. purchasing illegal foreign versions of cosmetic injectables, which were not subject to FDA approval and were falsely being marketed by Defendants to Defendants' patients, as the authentic FDA-approved name products, and were used unwitting on the Defendants' patients with the intent to defraud and mislead its patients.

    d. causing said illegal foreign versions of cosmetic injectables to be shipped to Plaintiff's home address, on multiple occasions, to avoid scrutiny from U.S. Customs, which had begun seizing Defendant DR. CURRAN's packages.

    e. altering patient charts to remove product stickers associated with the illegal foreign versions of the cosmetic injectables and removed any face sheet that contained an illegal product sticker and replaced same with a new face sheet in which Defendant DR. CURRAN wrote the name of a different filler which was purchased legally.

    f. willfully misclassifying Plaintiff, and other employees, as an independent contract after Defendant DR. CURRAN was specifically advised by a consultant, in 2018, that Defendant DR. CURRAN's employment practices violated the FLSA;

14. Plaintiff complained of, and objected to, the above-referenced illegal acts numerous times to Defendant DR. CURRAN.

15. Despite Plaintiff's complaints and objections to Defendant DR. CURRAN's illegal acts, such acts continued unabated.

16. In retaliation for lodging such complaints and objections to Defendant DR. CURRAN's illegal acts, Defendant DR. CURRAN began retaliating against Plaintiff by frustrating and angering her with the hope that Plaintiff would resign or alternatively with the intention of ultimately terminating Plaintiff.

17. To that end, Defendants hired a new employee, Sherry Brown, who applied for, and was hired to perform Coolsculpting work. However, in reality, Ms. Brown was brought in to ultimately replace Plaintiff.

18. Despite not being part of her job duties, Defendant DR. CURRAN started taking job duties from Plaintiff, such as purchasing products, and making Ms. Brown the new contact person for vendor relationships, which had previously been one of Plaintiff's main job duties.

19. In further retaliation, Defendant DR. CURRAN gave Ms. Brown Plaintiff's workspace that she had used since the beginning of her employment and moved Plaintiff to a non-

workspace in a non-office space in a backroom.

20. Additionally, in September 2022, all of Defendants' employees were granted their vacation requests, including Ms. Brown, except for Plaintiff, whose request was denied.

21. Further, Ms. Brown received a pay increase just two (2) months into her employment while Plaintiff did not receive any pay increases since 2019.

22. Lastly, on Plaintiff's final day of employment with Defendants, Defendant DR. CURRAN approached Ms. Brown while Plaintiff was in earshot and began talking to Ms. Brown about handling one of Plaintiff's main vendors with the intention of angering Plaintiff, which achieved its desired effect, as Plaintiff overheard the conversation and resigned.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff, CATHERINE WHITNEY, realleges and incorporates herein the allegations contained in paragraphs 1-11.

24. Plaintiff is entitled to be paid time and one-half of Plaintiff's regular rate of pay for each hour worked in excess for Forty (40) hours per work week.

25. Defendants willfully misclassified Plaintiff as an independent contractor.

26. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

27. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

28. Plaintiff has retained the undersigned counsel to represent her in this action and agreed to pay counsel reasonable fees and costs, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff, CATHERINE WHITNEY, demand judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF FLORIDA WHISTLEBLOWER ACT

29. Plaintiff, CATHERINE WHITNEY, realleges and incorporates herein the allegations contained in paragraphs 1-5, 12-22.

30. The Florida Whistleblower Act § 448.102, Florida Statutes provides that:

An employer may not take any retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

>> (3)  Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

31. Plaintiff, CATHERINE WHITNEY, in violation of §448.102, was retaliated against for blowing the "whistle" on Defendant's illegal activity, policy, and practice which is in violation of law, rule or regulation.

WHEREFORE, Plaintiff, CATHERINE WHITNEY demands judgment against the Defendant, DOCTORS SPA AT DUVAL SQUARE INC., for the following:

a) Find that Defendant intentionally retaliated against Plaintiff in violation of the Florida Statutes §448.102;

b) Order such injunctive and equitable relief that will make Plaintiff whole for the above violations,

c) Award Plaintiff compensatory and punitive damages;

d) Order such injunctive and equitable relief necessary to prevent future violations;

e) Award Plaintiff her reasonable attorney's fees, costs, and expenses; and,

f) Grant such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

32. Plaintiff demands a jury trial on all issues so triable.

DATED:  March 1, 2023

          MILITZOK LAW, P.A.
*Attorneys for Plaintiff*
8958 W. State Road 84, #1036
Fort Lauderdale, FL 33324
(954) 780-8228 - Telephone
(954) 791-4456– Facsimile
bjm@militzoklaw.com

By: /s/ Brian Militzok
BRIAN J. MILITZOK, ESQ
Fla. Bar No.: 0069993